■ PROGRESS CAPITOL, INC., Appellant, v AMPOWER SEMICONDUCTOR CORP. et al., Defendants, and 246057 INVESTMENTS, LTD., Respondent.—In an action, *inter alia*, on a promissory note, plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Christ, J.), dated June 23, 1983, which granted the motion of defendant 246057 Investments, Ltd., to dismiss the complaint as against it based on lack of personal jurisdiction, and (2) a further order of the same court, dated October 18, 1983, which, upon granting reargument, adhered to the original determination.

Appeal from the order dated June 23, 1983 dismissed, without costs or disbursements. That order was superseded by the order dated October 18, 1983.

Order dated October 18, 1983, reversed, on the law, without costs or disbursements, order dated June 23, 1983 vacated, and matter remitted to Special Term for a hearing on the issue of whether service of process was properly made upon defendant 246057 Investments, Ltd.

Contrary to the finding of Special Term, plaintiff has sustained its burden of proving a jurisdictional basis with respect to defendant 246057 Investments, Ltd. (*see,* CPLR 302 [a] [1]; *Parke-Bernet Galleries v Franklyn*, 26 NY2d 13). Therefore, Special Term's order adhering to its original decision dismissing the complaint for lack of a jurisdictional basis must be reversed. A dispute exists, however, as to whether defendant

246057 Investments, Ltd., was properly served with process. Special Term specifically declined to address this issue, and since the record is insufficient to permit this court to make a determination, we remit the matter to Special Term for a hearing on the question of whether proper service was effected upon the moving defendant. Mollen, P. J., Mangano, O'Connor and Weinstein, JJ., concur.